UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X

TAHJI JONES-DE BOURBON

DOC #

-against-

11 CIV 5742

THE CITY OF NEW YORK, NEW YORK CITY
POLICE DETECTIVE RAMU HILLER, Shield No.:
00362, JOHN DOE POLICE OFFICERS I-IV
and NEW YORK CITY POLICE COMMISSIONER
RAYMOND KELLY,

            COMPLAINT AND
            JURY DEMAND

                    Defendants.

----------------------------------------X

        Plaintiff, by his attorneys, ROTHMAN, SCHNEIDER, SOLOWAY &

STERN, LLP, alleges as follows:

                PRELIMINARY STATEMENT

        1.   This is an action for damages sustained by a citizen of

the United States of America against employees of the New York

City Police Department who violated the civil and constitutional

rights of the plaintiff by falsely arresting and imprisoning him

during the early evening hours of October 10, 2010; against the

Commissioner of the New York City Police Department, RAYMOND

KELLY, as the official responsible for the training and

supervision of New York City Police Officers, and for his

individual failure to take corrective action and to implement

meaningful procedures to prevent unlawful conduct by police

officers against citizens; and against the City of New York which

is sued as a person pursuant to 42 U.S.C. § 1983.

JURISDICTION

2.   Plaintiff institutes these proceedings and invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1343 to obtain costs of suit, including reasonable attorney's fees, and to recover damages suffered by plaintiff and caused by defendants' violation of his rights as guaranteed by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States, and by federal statutory law, particularly 42 U.S.C. § 1983.

3.   This Court also has jurisdiction of this action pursuant to 28 U.S.C. § 1331 in that the matter in controversy arises under the Fourth, Fifth, Eighth, and Fourteenth Amendments of the Constitution of the United States.

4.   The violation of plaintiff's rights alleged herein occurred within the City, County, and State of New York.

PARTIES

5.   Plaintiff TAHJI JONES is a citizen of the United States of America and was at all times relevant herein an individual residing in the City of New York, State of New York with his residence address located at 498 West 158th Street, New York, New York.

6.   Defendant, RAYMOND KELLY, was at all relevant times the duly appointed, qualified, and acting Commissioner of the New

2

York City Police Department.  As such, he is the highest supervisory official of the New York City Police Department and is responsible for the training and supervision of police personnel.  He is also responsible for enforcing the regulations and policies of the New York City Police Department and for ensuring that New York City Police Department employees obey, employ, and implement regulations and policies.  At all relevant times, he was acting in his capacity as an agent, servant, and employee of the defendant City of New York.  He is sued individually and in his official capacity.

7.    Defendant RAMU HILLER Shield No. 00362 is a police detective employed by the New York City Police Department and at all relevant times herein, was acting in the capacity of an agent, servant, and employee of the defendant CITY OF NEW YORK. He is sued individually and in his official capacity.

8.    Defendant JOHN DOE POLICE OFFICERS I-IV are presently an unidentified employees of the  New York City Police Department that participated in the unlawful detention and arrest of plaintiff, and whose unlawful conduct directly caused or contributed to the damages complained of by the plaintiff herein. Plaintiff intends to identify, serve, and proceed against these individuals at such time as he is able.  At all relevant times herein JOHN DOE POLICE OFFICERS I-IV were acting in the capacity of agents, servants, and employees of the defendant CITY OF NEW

3

YORK.  They are sued individually and in their official capacity.

9.   Defendant, CITY OF NEW YORK, is a municipal corporation organized and existing pursuant to and by virtue of the laws of the State of New York.

10.  At all times relevant herein, the defendants KELLY, HILLER, JOHN DOE POLICE OFFICERS I-IV and their agents, assistants, and employees acted pursuant to the policies, regulations or decisions officially adopted or promulgated by agents of the New York City Police Department, whose acts may fairly be said to represent official policy or governmental custom of the New York City Police Department and the City of New York.

FACTUAL ALLEGATIONS

11.  On October 10, 2010 at approximately 5:00 p.m. TAHJI JONES was in front of his residence located at 498 West 158th Street, New York, New York.

12.  At the above time and date, plaintiff, TAHJI JONES, was lawfully socializing with a friend in front of the aforesaid building.

13.   While plaintiff was talking with his friend, defendant DETECTIVE RAMU HILLER and other members of the NYPD approached him and seized him by placing him in handcuffs and escorting him away from the building.

14.  Plaintiff was taken from in front of his residence in

full view of friends and neighbors, and subsequently charged with
Sale of a Controlled Substance and Sale of a Controlled Substance
on or Near School Grounds, of which he was totally innocent.

15.  As a direct and proximate result of the acts of the
defendants, the plaintiff has suffered and will continue to
suffer loss of liberty and mental trauma, including but not
limited to flashbacks, fright, embarrassment and emotional
anguish.

16.  Upon information and belief, subsequent to the arrest
of plaintiff, the defendant JOHN DOE POLICE OFFICERS I-IV,
fabricated a false account of the events underlying plaintiff's
arrest including falsely swearing that he committed acts in
furtherance of selling narcotics in front of his residence.  As a
result of this fabrication, plaintiff was wrongfully incarcerated
for in excess of 24 hours, falsely charged with Criminal sale of
a Controlled Substance in the Third Degree and was forced to
defend himself in Criminal Court until the charges were
dismissed.

17.  Upon information and belief, defendant JOHN DOE POLICE
OFFICERS I-IV fabricated the false account to  deprive plaintiff
of his civil and constitutional rights, and also for the purpose
of covering up his own unlawful and unconstitutional actions.

18.  The above described actions and omissions, engaged in
under color of state authority by the defendants, including

defendant City of New York, deprived the plaintiff of rights
secured to him by the Constitution of the United States,
including, but not limited to, his Fourth Amendment right to
bodily integrity, and to be free from unlawful seizure and from
excessive use of force.

CAUSE OF ACTION AGAINST
POLICE COMMISSIONER AND MUNICIPALITY

19.  Plaintiff incorporates by reference all of the
allegations set forth in each preceding paragraph as if fully set
forth at length herein.

20.  Defendant CITY OF NEW YORK and RAYMOND KELLY knew or
should have known of the propensities of defendants POLICE
OFFICER JOHN DOE and DETECTIVE RAMU HILLER to engage in the
illegal and wrongful acts detailed above and/or as a matter of
policy and practice, have with deliberate indifference, failed to
take steps to uncover and/or correct such conduct.  Upon
information and belief, defendant CITY OF NEW YORK and RAYMOND
KELLY had prior notice of the vicious propensities of defendants
HILLER and JOHN DOE POLICE OFFICERS I-IV, but took no adequate
steps to train them, correct their abuse of authority, or to
discourage their unlawful use of authority.

21.  Acting under color of law, by and through the policy-
makers of the CITY OF NEW YORK, and pursuant to official policy
or custom and practice, the CITY OF NEW YORK intentionally,

knowingly, recklessly, or with deliberate indifference to the
rights of the inhabitants of the CITY OF NEW YORK, failed to
effectively screen, hire, train, instruct, supervise, control and
discipline, on a continuing basis, their police officers,
including the defendant police officer herein, for his unlawful
propensity, including fabricating criminal charges and falsely
swearing to criminal complaints against citizens for the purpose
of shielding himself against criminal and/or civil liability for
violations of civil rights; and for their failure to protect
citizens from unconstitutional conduct of other police officers,
thereby permitting and allowing the individual defendant police
officer herein to be in a position to cause plaintiff injury and
violate plaintiff's federal and state constitutional rights,
and/or to permit these actions to take place without plaintiff's
knowledge or consent.

22. On information and belief, the defendant police
officers herein have been the subject of prior civilian and
departmental complaints of misconduct that gave notice to, or
should have given notice to, the defendant CITY OF NEW YORK and
the New York City Police Department that the defendant police
officers herein were likely to engage in conduct that would
violate the civil and constitutional rights of the public, such
as the conduct complained of by the plaintiff herein. The CITY
OF NEW YORK had knowledge of or, had it diligently exercised its

duties to instruct, supervise, control, and discipline on a
continuing basis, should have had knowledge that the wrongs that
were done, as heretofore alleged, or other unlawful or
unconstitutional acts were going to be committed.  Defendant CITY
OF NEW YORK had the power, authority and duty to prevent or aid
in preventing the commission of said wrongs, could have done so,
and intentionally, knowingly, recklessly or with deliberate
indifference to the rights of the inhabitants of the CITY OF NEW
YORK, failed to do so.

23.  On information and belief, defendant CITY OF NEW YORK
and the New York City Police Department maintained an inadequate
structure for risk containment and stress management relative to
its police officers, and failed to create proper means of
containing such risk and managing such stress.  On information
and belief, such structure was deficient at the time of selection
of police officers, and thereafter during their employment, in
its ability to evaluate and exchange information within the
command structure about the performance of individual police
officers; in its training of supervisory personnel to effectively
and adequately evaluate performance of an officer; and in its
ability to otherwise put the command structure on notice that an
individual or individuals were at significant levels of risk to
the public at large or to specific segments thereof.  The effect
of this was to permit police officers of the New York City Police

Department to function at levels of significant and substantial risk to the public in general.

24.  As a result of the foregoing conscious policies, practices, customs and/or usages, defendant CITY OF NEW YORK and the New York City Police Department have permitted and allowed the employment and retention of individuals as police officers whose individual circumstances place the public or segments thereof at substantial risk of being the victims of violent or racially motivated behavior.  Such policies, practices, customs and/or usages are a direct and proximate cause of the conduct alleged herein and otherwise a direct and proximate cause of the injuries to plaintiff, TAHJI JONES.

26.  As a result of the foregoing, plaintiff was deprived of liberty, sustained emotional injuries, was subject to great humiliation, and was otherwise harmed, damaged and injured.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A.   In favor of plaintiff in the amount of One Million ($1,000,000.00) Dollars as compensatory damages on plaintiff's claims;

B.   Awarding plaintiff the reasonable attorney's fees, interest, costs and disbursements of this action; and

C.   Granting such other and further relief as this court deems just and proper.

9

JURY DEMAND

Plaintiff demands a trial by jury.

Dated:     New York, New York
           August 12, 2011


                    ROTHMAN, SCHNEIDER SOLOWAY &
                    STERN, LLP
                    Attorneys for Plaintiff
                    100 Lafayette Street, 5th
                    Floor
                    New York, New York 10013
                    (212) 571-5500

By: _____
                    FRANK ROTHMAN